1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8  EDNEIL HANIF,

9                            Petitioner,            CASE NO. C15-1203-RAJ-MAT

10          v.

11  ICE FIELD OFFICE DIRECTOR,             REPORT AND RECOMMENDATION

12                            Respondent.

13

14                              INTRODUCTION

15        Petitioner, a native and citizen of Figi and lawful permanent resident of the United States,

16  is detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest Detention

17  Center in Tacoma, Washington.  Proceeding *pro se*, he filed the instant habeas corpus petition

18  pursuant to 28 U.S.C. § 2241, seeking release from immigration detention or an individualized

19  bond hearing before an Immigration Judge ("IJ").  (Dkt. 1.)  Respondent has moved to dismiss,

20  arguing that petitioner's detention is statutorily authorized.  (Dkt. 10.)  Petitioner did not file a

21  response.

22        For the reasons discussed below, the Court concludes that petitioner's detention is lawful,

23  and therefore recommends that respondent's motion to dismiss be granted, petitioner's habeas

REPORT AND RECOMMENDATION
PAGE - 1

1  petition be denied, and this action be dismissed with prejudice.

2  BACKGROUND

3  Petitioner was arrested in October 2013 after leading police on a high speed car chase

4  while driving a stolen vehicle with four unwilling passengers.  (Dkt. 11-7 at 4.)  He pleaded

5  guilty to Second Degree Kidnapping, Attempting to Elude a Pursuing Police Vehicle, Possession

6  of a Stolen Motor Vehicle, and Second Degree Taking a Motor Vehicle without Permission, all

7  felonies.  (Dkts. 11-1 & 11-6.)  In February 2014, the state court sentenced him to 20 months in

8  prison.  (Dkts. 11-1 & 11-6.)

9  On November 12, 2014, petitioner was transferred to ICE's custody from the state

10  corrections facility where he had been serving his 20-month sentence.   (Dkt. 11-4 at 4.)

11  Petitioner was served with a Notice to Appear, charging him with removability under 8 U.S.C.

12  §§ 1227(a)(2)(E)(ii) and 1227(a)(2)(A)(i), based on his convictions stemming from the high

13  speed car chase and an earlier conviction for violating a domestic no contact order.  (Dkt. 11-10.)

14  ICE made the initial custody decision that petitioner would be detained during his removal

15  proceedings.  (Dkt. 11-8.)

16  On June 3, 2015, petitioner received a bond hearing pursuant to *Rodriguez v. Robbins*,

17  715 F.3d 1127 (9th Cir. 2013) (alien detained pursuant to 8 U.S.C. § 1226(c) is entitled to a bond

18  hearing when he or she has been detained for more than six months and release or removal is not

19  imminent).  (Dkts. 11-3, 11-7, and 11-12.)  The IJ found that petitioner "has a long and very

20  serious criminal history, including dangerous behavior and resisting and eluding police.   His

21  most recent criminal conduct endangered the lives of police, motorists, and the passengers in his

22  vehicle."  (Dkt. 11-7 at 5.)  Accordingly, the IJ found that the Department of Homeland Security

23  met its burden to show that petitioner was a danger to the community by clear and convincing

REPORT AND RECOMMENDATION
PAGE - 2

1  evidence, and denied bond.  (*Id.*)  Petitioner's appeal of the bond determination is currently

2  pending before the Board of Immigration Appeals.  (Dkt. 11-13.)

3    Petitioner's removal hearing is scheduled for November 5, 2015.  (Dkt. 11-4.)

4    DISCUSSION

5    Title 8 U.S.C. § 1226 provides the framework for the arrest, detention, and release of

6  aliens, such as petitioner, who are in removal proceedings.  Section 1226(a) grants the Attorney

7  General discretionary authority to determine whether an alien should be detained, released on

8  bond, or released on conditional parole pending the completion of removal proceedings, unless

9  the alien falls within one of the categories of criminal aliens described in   § 1226(c), for whom

10  detention is mandatory.  *See* 8 U.S.C. § 1226.  Section 1226(c) provides in relevant part:

11  
12  
13  

> The Attorney General shall take into custody any alien who . . . is deportable
> under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the
> alien has been sentence[d] to a term of imprisonment of at least 1 year . . . when
> the alien is released, without regard to whether the alien is released on parole,
> supervised release, or probation, and without regard to whether the alien may be
> arrested or imprisoned again for the same offense.

14  

15  8 U.S.C. § 1226(c)(1).   Section 1226(c) applies only when ICE takes an alien into custody

16  immediately upon his release from non-ICE custody.  *Khoury v. Asher*, 3 F. Supp. 3d 877, 887-

17  88 (W.D. Wash. 2014).

18    The Ninth Circuit has held that mandatory detention under § 1226(c) is permissible only

19  until detention becomes prolonged, at which time the statutory authority for an alien's detention

20  shifts to § 1226(a).  *Rodriguez*, 715 F.3d at 1138.  "As a general matter, detention is prolonged

21  when it has lasted six months and is expected to continue more than minimally beyond six

22  months."  *Id.* (quoting *Diouf v. Napolitano*, 634 F.3d 1081, 1092 n.13 (9th Cir. 2011)).  Once §

23  1226(a) governs the alien's detention, he is entitled to an individualized bond hearing before and

IJ where the government has the burden of establishing by clear and convincing evidence that he presents a danger to the community or a flight risk.  *Id.* at 1138-39; *see also Singh v. Holder*, 638 F.3d 1196, 1203-09 (9th Cir. 2011).  To comply with due process, the government must create a contemporaneous record of the bond hearing, such as a transcript or an audio recording.  *Rodriguez*, 715 F.3d at 1136, 1139.  Additionally, "in considering whether the government has proven dangerousness, IJs should consider the factors identified in *In re Guerra*, 24 I. & N. Dec. 37 (B.I.A. 2006), which include the extensiveness of an alien's criminal record, the recency of his criminal activity, and the seriousness of his offenses."  *Id.* at 1135.  Federal district courts have habeas jurisdiction to review bond hearing determinations for constitutional claims and legal error.  *Singh*, 638 F.3d at 1200.

   In this case, petitioner's detention was initially governed by § 1226(c) because he was transferred directly from state custody to ICE custody.  (Dkt. 11-4 at 4.)   After six months, however, the authority for his detention shifted to § 1226(a), and he received a *Rodriguez* hearing.  (*See* Dkt. 11-3 at 4.)   The record establishes that petitioner's *Rodriguez* hearing complied with all procedural requirements.  *See Rodriguez*, 715 F.3d at 1135-36, 1139; *Singh*, 638 F.3d at 1203-09.  There is a transcript of the hearing.  (Dkt. 11-3.)  The IJ appropriately placed the burden on the government to prove by clear and convincing evidence that petitioner presented a danger to the community.  (*Id.*)  The IJ also appropriately considered the *Guerra* factors, finding that petitioner has "a long and very serious criminal history," and that "[h]is most recent criminal conduct endangered the lives of police, motorists, and the passengers in his vehicle."  (Dkt. 11-7 at 5.)  Given that petitioner received a procedurally sound *Rodriguez*

REPORT AND RECOMMENDATION
PAGE - 4

hearing, he has been given all the benefits of due process to which he is entitled.[1]  Petitioner's

habeas petition should be denied.

CONCLUSION

For the foregoing reasons, the Court recommends that respondent's motion to dismiss

(Dkt. 10) be GRANTED, petitioner's habeas petition (Dkt. 1) be DENIED, and this matter be

DISMISSED with prejudice.  A proposed order accompanies this Report and Recommendation.

DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and

served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

and Recommendation is signed.  Failure to file objections within the specified time may affect

your right to appeal.  Objections should be noted for consideration on the District Judge's

motions calendar for the third Friday after they are filed.  Responses to objections may be filed

within **fourteen (14) days** after service of objections.  If no timely objections are filed, the

matter will be ready for consideration by the District Judge on **November 27, 2015**.

DATED this 3rd day of November, 2015.

Mary Alice Theiler
United States Magistrate Judge

---

[1] To the extent petitioner wishes to challenge the IJ's discretionary decision to deny bond, the Court is without jurisdiction to consider his claims.  *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("[An] alien may appeal the IJ's bond decision to the BIA, *see* 8 C.F.R. § 236.1(d), but discretionary decisions granting or denying bond are not subject to judicial review, *see* § 1226(e).").

REPORT AND RECOMMENDATION
PAGE - 5